**FILED**
**Jun 27, 2022**
**09:45 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **Chanda Schmars,** | ) | **Docket No. 2022-06-0345** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Express Employment Professionals,** | ) | |
| **Inc.,** | ) | **State File No. 9592-2022** |
| **Employer,** | ) | |
| **And** | ) | |
| **AIU Ins. Co.,** | ) | |
| **Carrier.** | ) | **Judge Kenneth M. Switzer** |

---

## EXPEDITED HEARING ORDER

---

Two longstanding workers' compensation principles command this case. First, the employee bears the burden of proof; and second, the employee must prove that a specific event or set of events caused her work injury.

Here, Chanda Schmars requested benefits for her knee, which she allegedly injured while working for Express Employment Professionals. Express argued that she did not identify a specific, injury-causing work event. On this record, the Court agrees. Ms. Schmars did not introduce sufficient proof of what caused an acute right-knee meniscus tear. Thus, her request is denied at this time.

### History of Claim

On January 20, 2022, Ms. Schmars worked as a packer for Express assigned to work at Baby Nov. She explained that the assignment entailed moving large boxes, unpacking baby food pouches, and placing the pouches in smaller boxes. Ms. Schmars testified, "I sustained an injury due to, I believe, moving a box—boxes across the room[.]" Ms. Schmars wrote on her petition that she injured her right knee and leg "unboxing the baby food pouches out of . . . the big boxes." At the hearing, she clarified she injured her right knee.

1

Ms. Schmars did not tell her supervisor at Baby Nov or anyone else about the injury that day. She agreed on cross-examination that she did not experience a "sudden onset of pain," nor could she recall a specific event that caused her pain. No one witnessed the injury. The next day, Ms. Schmars texted Express to say that she would not be working that day but did not mention an injury. Ultimately, Ms. Schmars reported the injury on January 24, by telling Express's office manager, Nichole Minchey, "I hurt my knee."

Express disputed Ms. Schmars's mechanism of injury. It claimed that Ms. Schmars did not sustain an injury; rather after working, she simply woke up the next day with leg pain.

In support, Express offered Ms. Minchey's testimony, who said that when Ms. Schmars reported the injury, she did not mention any specific event. Express asked her to complete a form describing her injury "in detail." She wrote, "[W]orking at Baby Nov, unpacking baby products." On a report to Express' carrier, Ms. Minchey wrote, "Said she woke up and her right knee was hurting."

On cross-examination, Ms. Schmars agreed that her interrogatory responses describe that, on the date of injury, she felt "stiffness toward the end of work shift" in her right knee and leg, and she had not experienced those symptoms before. Concerning whether she suffered a previous knee injury, on redirect, Ms. Schmars said, "Basically, had I had any prior symptoms? Uh, possibly. You know—I don't—symptoms like—knee pain or something? Uncomfortableness in my knee?" Express's attorney did not ask her to explain.

As for her treatment, Ms. Schmars went to the emergency room on her own, the day after the alleged date of injury. Notes from the visit include a history that her symptoms began "weeks ago" and were caused by "[n]o trauma by history[.]" The physician who examined her wrote, "[L]ikely djd [degenerative joint disease]."

After Ms. Schmars reported the injury, Express offered a panel of physicians. She chose Hometown Healthcare.[1]

At the first visit in February, notes state that Ms. Schmars experienced a "sudden onset of pain while bending and lifting with a heavy box at work." A nurse practitioner ordered an MRI, which was reviewed at a follow-up appointment in March. Providers noted a lateral meniscus tear in her knee and referred her to an orthopedic specialist.

---

[1] The panel does not identify a physician but simply lists "Hometown Health Care." This potentially violates Tennessee Compilation Rules and Regulations 0800-02-01-.06(5) (May, 2018), which states that "Walk-in clinics, urgent care facilities and other similar providers may be an option on a medical panel if the provider is staffed by at least one physician *and the name of the staff physician or medical director is also indicated on the panel."* (Emphasis added).

Ms. Schmars saw a nurse practitioner at Specialty Orthopedic Group for further evaluation. The nurse practitioner wrote that her pain began on "June 1, 2020, 2022 [sic] and lifting a box of an unknown weight at her job. . . . There was no fall at the time of injury. No history of previous knee issues." He made a direct referral to an orthopedic surgeon. Instead of honoring the referral, according to Ms. Schmars, the claim was denied on March 24.

Ms. Schmars seeks additional treatment and temporary disability benefits. Express countered that she failed to prove that her injury arose primarily out of work. In particular, it argued that she did not prove a "specific incident" that caused the injury, so benefits should be denied.

**Findings of Fact and Conclusions of Law**

It is well-settled that the employee in a workers' compensation claim has the burden of proof on all essential elements of the claim. *Lurz v. Int'l Paper Co.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *14 (Feb. 14, 2018). At an expedited hearing, Ms. Schmars must present sufficient evidence that she is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2021); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

In this case, the threshold issue is whether Ms. Schmars suffered an injury as that term is defined under Workers' Compensation Law. Tennessee Code Annotated section 50-6-102(14) defines "injury" as an "injury by accident . . . arising primarily out of and in the course and scope of employment, that causes . . . disablement or the need for medical treatment." Subsection 50-6-102(14)(A) provides that "[a]n injury is 'accidental' only if the injury is caused by a *specific incident, or set of incidents,* arising primarily out of and in the course and scope of employment, and is *identifiable by time and place of occurrence.*" (Emphasis added).

Here, Ms. Schmars testified, "I sustained an injury due to, I believe, moving a box—boxes across the room[.]" She did not offer additional detail. Ms. Schmars testified that she told Ms. Minchey when reporting the injury, "I hurt my knee." Ms. Schmars agreed in her cross-examination that no specific event caused her pain, nor did she experience sudden pain while working. And, in a moment of candor on redirect, she said she "possibly" had prior knee symptoms. Since Express's attorney did not explore that statement, the Court is unable to ascertain its weight.

Those are her words in Court. Ms. Schmars' written statements are similarly vague as to how, specifically, she hurt her knee at work. Ms. Schmars wrote on her petition that she injured her right knee and leg "unboxing the baby food pouches out of . . . the big boxes." On the paperwork reporting the injury, when asked to describe the incident "in detail," she wrote, "[W]orking at Baby Nov, unpacking baby products." Then, in

interrogatories, when asked how she became injured, she merely wrote that she felt "stiffness toward the end of work shift" in her right knee and leg.

The medical records do not provide further clarification or explanation. The emergency room notes state that Ms. Schmars was injured "weeks ago" and suffered "no acute injury." Other records say that she felt a "sudden onset of pain while bending and lifting with a heavy box at work." However, Ms. Schmars candidly testified that she did *not* feel a sudden onset of pain. Moreover, the only medical causation opinion before the Court states that her condition was "likely" degenerative joint disease.

Having observed Ms. Schmars's demeanor, the Court has little reason to doubt her honesty or sincerity. She even offered testimony against her own interest. By the same token, Ms. Minchey convincingly testified that Ms. Schmars told her she woke up with pain in her leg. Comparing their testimony, neither was more credible than the other.

In sum, the Court simply cannot find facts, even after an evidentiary hearing, as to *when and how Ms. Schmars became injured.* This is an absolute baseline requirement in the statute, and it is something she must prove. Without more supporting evidence, Ms. Schmars has not shown she is likely to prevail at a hearing on the merits.

Because Ms. Schmars has not satisfied her burden, the Court cannot grant her requested relief at this time.

IT IS, THEREFORE, ORDERED AS FOLLOWS:

1.  The Court denies Ms. Schmars's request for benefits at this time.

2.  The Court refers Express Employment Professionals to the Compliance Program for consideration of penalties for failing to offer a proper panel.

3.  A status hearing will take place on **August 29, 2022, at 10:00 a.m. Central Time.** The parties must call 615-532-9552 or 866-943-0025. Failure to call might result in a determination of issues without your participation.

**ENTERED June 27, 2022.**

*Kenneth M. Switzer*
_____
**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

4

**Appendix**

Technical record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Order Setting Status Hearing
4. Order on Status Hearing
5. Motion to Compel
6. Employer's Motion to Reset
7. Hearing Request
8. Order Granting Motion to Compel
9. Order Denying Motion to Reset
10. Motion to Compel Deposition and Expenses
11. Employer's Motion to Continue
12. Order
13. Employer's Motion to Continue
14. Employer's Pre-Hearing Statement
15. Employer's Exhibit and Witness List
16. Employer's Pre-Trial Brief

Evidence:
1. Declaration of Ms. Schmars
2. Wage statement
3. First Report of Injury
4. Employee's Choice of Physician form
5. Composite Medical Records
6. Text messages
7. Responses to Interrogatories
8. Express Services, Inc. report to third-party administrator
9. Text messages
10. Employee's written injury report (late-filed)

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on June 27, 2022.

| Name | Certified Mail | Regular mail | Email | Sent to |
|------|------|------|------|------|
| Chanda Schmars, employee | X | | X | chandaschmars@yahoo.com<br>119 Moncrief Drive<br>Scottsville, KY 42164 |
| Greg Fuller, Trent Norris, employer's attorneys | | | X | ghfuller@mijs.com<br>tmnorris@mijs.com |
| Compliance Program | | | X | WCCompliance.Program@tn.gov |

_____

Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*